LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARIO CARRASCO,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class,*

      Plaintiff,

          v.

SOMPO AMERICA INSURANCE
      SERVICES LLC,
ENDURANCE AMERICAN SPECIALTY
      INSURANCE COMPANY,
and JOHN DOE CORPS 1-10,

      Defendant.

---

Case No.:

**CLASS AND**
**COLLECTIVE ACTION**
**COMPLAINT**

**Jury Trial Demanded**

     Plaintiff, MARIO CARRASCO ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, SOMPO AMERICA INSURANCES SERVICES LLC, ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY and JOHN DOE CORPS 1-10 ("Defendants"), and states as follows:

## INTRODUCTION

1.  Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime wages, (2) liquidated damages and (3) attorneys' fees and costs.

2.  Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) statutory penalties and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.  Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.  Plaintiff, MARIO CARRASCO, is a resident of Suffolk County, New York.

***Endurance Insurance:***

6.  Endurance Insurance (recently re-branded as "Sompo International"), jointly operated by Defendants, is an insurance and reinsurance company that offers property, casualty, personal accident, professional liability and worker's compensation reinsurance services. Endurance Insurance is a Bermuda based company with headquarters located at Waterloo House, 100 Pitts Bay Road, Pembroke HM 08, Bermuda. Endurance also operates local offices in Singapore, Switzerland, England and the United States. Within the United States, Endurance operates 11 local offices listed in **Exhibit A** (the "Local Offices").

7.     Defendants operate all Local Offices as a single integrated enterprise. Specifically, all Local Offices are engaged in related activities, share common ownership and have a common business purpose. All Local Offices report to the central business operations office located in Bermuda. All wage and hour policies for all employees employed at any of the Local Offices are the same and are set by a common human resource and payroll department.

*Named Defendants:*

8.   SOMPO AMERICA INSURANCE SERVICES LLC is a foreign limited liability company organized under the laws of the State of New York with an address for service of process located at C/O Corporation Service Company, 80 State Street, Albany, NY 12207. Upon information and belief, Sompo America Insurance Services LLC is the parent of Endurance American Specialty Insurance Company.

9.   ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY is a domestic business corporation organized under the laws of the State of Delaware with an address for service of process located at C/O The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.


10. At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

### FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons (including, but not limited to, reinsurance

accountant consultants and reinsurance accountants), employed by Defendants at each of the Local Offices on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs"). Non-exempt FLSA Collective Plaintiffs include employees similar to Plaintiff who performed primarily non-exempt duties. The FLSA Collective Plaintiffs are not exempt under the Administrative Exemption because their work was not directly related to the general business operations and they could not exercise discretion or independent judgment with respect to matters of significance.

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper wages for overtime hours at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, due to (i) time-shaving or (ii) the improper classification of non-exempt employees as exempt. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

15. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including, but not limited to,

reinsurance accountant consultants and reinsurance accountants) employed by Defendants at each of the Local Offices located throughout the United States on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").  Non-exempt employees in the Class include employees similar to Plaintiff who performed primarily non-exempt duties. Class members are not exempt under the Administrative Exemption because their work was not directly related to the general business operations and they could not exercise discretion or independent judgment with respect to matters of significance.

16. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants.  Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each

Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided

by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law and applicable state laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law and applicable state laws;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

d) Whether the Defendants misclassified some members of the Class as exempt from overtime;

e) Whether Defendants caused time shaving by paying some Class members for scheduled hours only;

;

f)   Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under the New York Labor Law and applicable state laws; and

g)   Whether Defendants provided proper wage and hour notice to employees, including rate of compensation, trade name of employer, among others, at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law and applicable state laws.

## STATEMENT OF FACTS

23. In or about June 28, 2016, Plaintiff, MARIO CARRASCO, was hired by Defendants and/or their predecessors, as applicable, to work as a reinsurance accountant consultant for Defendant's insurance company, at one of their Local Offices located at 4 Manhattanville Road, Purchase, NY 10577.

24.          MARIO CARRASCO worked for Defendants until on or about December 22, 2016.

25.   Throughout his entire employment, Plaintiff was scheduled to work five (5) days per week (Mondays through Fridays), from 8:00 a.m. to 5:00 p.m., with an hour-long lunch break, for a total of forty (40) working hours per week. However, due to a heavy workload, Plaintiff was required to work until 6:30 p.m. – 7:00 p.m. on a daily basis in order to complete his work, resulting in approximately 7.5 - 10 unpaid overtime hours per week. Additionally, Plaintiff was required to work through his lunch break almost every day in order to complete his work, but was not compensated for such time, resulting in an additional 5 unpaid overtime hours per week.

26.   Throughout his entire employment, Plaintiff was paid a base hourly rate of $32.50 per hour for his scheduled hours only. Upon hiring, it was Plaintiff's understanding that he would

be compensated at an overtime rate for the additional hours worked. In fact, on his first paycheck, Plaintiff was paid 6.75 overtime hours at an overtime rate of $48.75. However, all subsequent payments did not include his actual hours worked and he was simply paid 80 hours per check (40 scheduled hours per week). There was never any understanding that Plaintiff would be paid a fixed salary.

27.    Based on personal observations and conversations with other employees, Plaintiff observed that all other employees suffered similar illegal policies. FLSA Collective Plaintiffs and Class members were not paid for their overtime in two ways: (i) some employees were paid an hourly rate, but paid only for scheduled hours; and (ii) other employees were misclassified as exempt and paid a fixed salary. Plaintiff, FLSA Collective Plaintiffs and Class members were not paid for (i) hours worked beyond their scheduled hours, and (ii) time worked during their scheduled lunch break.

28.    Plaintiff, FLSA Collective Plaintiffs and Class members are not exempt under the Administration Exemption. They performed low-level work, including processing reinsurance transactions and payments, the preparations of statements of accounts, etc. They could not make any decisions without a supervisor's sign-off.

29.    All FLSA Collective Plaintiffs and Class members, including Plaintiff, were pressured to work additional hours and work through lunch every day. If Plaintiff or another employee were to leave on time, for example, management would comment that such employee was "lazy" and should be working harder and/or longer. Due to the high-pressure environment, Plaintiff and other non-exempt employees were afraid to lose their jobs if they did not comply and work longer hours.

30. Each week, Plaintiff was required to sign a fraudulent time sheet reflecting only 40 hours worked per week. Such time sheets did not accurately reflect his hours worked.

31. Through his personal observations and conversations with other non-exempt employees, all Endurance Insurance Local Offices were operated under central management. All other non-exempt employees, suffered from the same policies of not paying overtime hours by either (i) not paying for hours worked beyond the scheduled hours, or (ii) misclassifying employees as exempt and improperly paying them on a fixed-salary basis.

32.   Defendants misclassified FLSA Collective Plaintiffs and Class members because they did not meet the requirements and were not exempt under the Administrative exemption of the FLSA. They are not exempt under the Administrative Exemption of the FLSA because their work was not directly related to the general business operations and they could not exercise discretion or independent judgment with respect to matters of significance.  Such Class members were improperly paid a fixed salary, and as such were not compensated for their overtime hours.

33. Additionally, even when Defendants paid FLSA Collective Plaintiffs and Class members an hourly rate, they did not pay for all hours worked. Because of Defendants' policy of time-shaving, Plaintiff, FLSA Collective Plaintiffs and Class members did not receive compensation for overtime hours, and instead were paid only for their scheduled hours.

34. Defendants knowingly and willfully operated their business with a policy of not paying employees for all overtime hours, in violation of the FLSA and New York Labor Law.

35. Defendants knowingly and willfully operated their business with a policy of not providing proper wages statements to non-exempt employees as required under the New York Labor Law, as the wage statements did not accurately reflect the number of hours worked by the employee.

36. Defendants knowingly and willfully failed to provide proper wage and hour notice to employees at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

37. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

38. Plaintiff realleges and reavers Paragraphs 1 through 37 of this Class and Collective Action Complaint as if fully set forth herein.

39. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

40. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

41. At all relevant times, the Defendants had gross annual revenues in excess of $500,000.

42. At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all overtime hours worked at the statutory rate of time and one-half, due to (i) Defendants' policy of time-shaving and (ii) Defendants' policy of improperly misclassifying employees and exempt.

43. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

44. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendants knew or should have known such was due.

45. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

46. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

47. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

48. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

49. Plaintiff realleges and reavers Paragraphs 1 through 48 of this Class and Collective Action Complaint as if fully set forth herein.

50. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

51. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them for all overtime hours worked at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, due to (i) Defendants' policy of time-shaving, and (ii) Defendants' policy of improperly misclassifying employees as exempt.

52. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

53. Defendants knowingly and willfully failed to provide proper wage and hour notices to employees at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

54. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid overtime compensation, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## COUNT III

## VIOLATION OF APPLICABLE STATE LAWS

55.  Plaintiff realleges and reavers Paragraphs 1 through 54 of this Class and Collective Action Complaint as if fully set forth herein.

56.  At all relevant times, Class members were employed by the Defendants within the meaning of the applicable state wage and hour laws.

57.    Defendants willfully violated Class members' rights by failing to pay Class members overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, due to (i) Defendants' policy of time-shaving, and (ii) Defendants' policy of improperly misclassifying employees as exempt.

58.    Defendants willfully violated Class members' rights by failing to provide proper wage statements and notices as required under the applicable state wage and hour laws.

59.    Due to the state law violations effected by the Defendants, Class members are entitled to recover from the Defendants their (i) overtime wages, (ii) statutory penalties, (iii) liquidated damages, and (iv) costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

e.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, pursuant to the New York Labor Law;

f.  An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

g.  Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

h.  Designation of this action as a class action pursuant to F.R.C.P. 23;

i.  Designation of Plaintiff as Representative of the Class; and

j.  Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  September 26, 2017

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 1976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By:   /s/ C.K. Lee
C.K. Lee (CL 4086)