IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIO CARRASCO, *on behalf of himself and others similarly situated*,<br><br>       Plaintiff,<br><br>  v.<br><br>ENDURANCE U.S. HOLDINGS CORP. et al.,<br><br>       Defendants. | No. 17-CV-07319 |

**ORDER GRANTING (1) PLAINTIFF'S UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; (2) PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF CLASS REPRESENTATIVE'S SERVICE AWARD; (3) PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

Named Plaintiff Mario Carrasco ("Plaintiff") and Defendants Endurance U.S. Holdings Corp., Endurance American Specialty Insurance Company, Endurance Services Limited, and Elite Placement Group LLC (collectively "Defendants" and with Plaintiff, the "Parties") entered into a Settlement Agreement and Release (hereinafter "Settlement" or "Agreement") and Plaintiff filed a Motion for Order (1) Conditionally Certifying Settlement Class, (2) Granting Preliminary Approval to Proposed Class Action Settlement and Plan Of Allocation, (3) Directing Dissemination of Notice and Related Material to the Class, and (4) Setting Date for Fairness Hearing and Related Dates (the "Preliminary Approval Motion"), which, for settlement purposes only, Defendants did not oppose. (Declaration of C.K. Lee in Support of Plaintiff's Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ["Lee Decl."] ¶ 13.)

1

On March 17, 2020, this Court entered an Order granting the Preliminary Approval Motion, thereby preliminarily approving the settlement as to the Federal Rule of Civil Procedure 23 ("Rule 23") class and FLSA collective set forth in the Agreement (the "Class" or the "Class Members"), conditionally certifying the settlement class, appointing Lee Litigation Group, PLLC as Class Counsel, appointing Arden Claims Service LLC as Settlement Administrator, and authorizing notice to all Class Members (the "Preliminary Approval Order"). Docket No. 98.

On May 26, 2020, Plaintiff filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final Approval"), which for settlement purposes only Defendants did not oppose. That same day, Plaintiff also filed Motions for Approval of Attorneys' Fees, Administration Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for a Service Award ("Motion for Service Award"). The motions were unopposed and Defendants did not object to the requests for attorneys' fees, costs, or service award.

The Court held a fairness hearing on June 9, 2020, which was continued on July 16, 2020. No Class Member objected to the Settlement.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees, Administration Fees and Reimbursement of Expenses, the Motion for Service Award, and the supporting declarations, the matters presented at the June 9, 2020 fairness hearing, the joint letter filed on June 30, 2020, the matters presented at the July 16, 2020 continued fairness hearing, and the complete record in this action, for the reasons set forth therein and stated on the record at both the June 9, 2020 and July 16, 2020 fairness hearings, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties.

3. Pursuant to Rule 23, the Court certifies the Class for settlement purposes, which meets all of the requirements of Rule 23, for the reasons described in the Preliminary Approval Order.

4. Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA Settlement and certifies the collective under the FLSA. The FLSA Settlement complies with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) in that it has been subject to this Court's review and approval and does not contain any provisions inconsistent with the Court's guidance therein.

5. The Court confirms as final the appointment of Named Plaintiff Mario Carrasco as representative of the Class, both under Rule 23 and 29 U.S.C. § 216(b).

6. The Court likewise confirms as final the appointment of C.K. Lee of Lee Litigation Group PLLC as Class Counsel for the Class pursuant to Rule 23. Class Counsel satisfies the adequacy requirements of Rule 23(g).

7. The Court finds that the requirements of the Class Action Fairness Act, 28 U.S.C. §1715 (CAFA), have been satisfied. On November 1, 2019, prior to the issuance of the preliminary approval order, Defendants mailed CAFA notices to the appropriate federal and state officials, within the prescribed ten (10) day period after filing of the Motion for Preliminary Approval. *See* 28 U.S.C. § 1715(b). The Court finds the requirements of CAFA have been satisfied, and this Order granting final approval of the settlement is now appropriate. *See* 28 U.S.C. §1715(d).

8. The Court finds that the notice distributed to class and collective members (the "Class/Collective Notice") pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the

requirements of Rule 23, the Fair Labor Standards Act, and due process.

9. Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth therein. The Court finds that the Settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out (other than Julia Pious) pursuant to the procedures set forth in the Preliminary Approval Order.

10. For the reasons explained below, the Settlement satisfies the requirements of Rule 23(e)(2). The Named Plaintiff and Class Counsel have adequately represented the Class. The Settlement was negotiated at arms' length. The relief provided for the Class is adequate, taking into account the factors specified in Rule 23(e)(2)(C)(i)-(iv). The Settlement treats Class Members equitably relative to each other.

11. The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiff's claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

12. The Settlement is also substantively fair. All of the factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 457 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). Therefore, the Court finds that the Settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the Settlement Amount is within the range

of reasonableness in light of the best possible recovery and the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

13.     The Court also finds that the Class' reaction to the Settlement was positive, as no Class Member objected to the Settlement, and only one individual opted out of the Settlement.

14.     The Court finds that the proposed plan of allocation treats Class Members equitably relative to each other and is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Class Members who did not timely opt out (other than Ms. Pious) based on weeks worked and rates or estimated rates of compensation during the Relevant Period, are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

15.     The Court hereby grants Plaintiff's Motion for Attorneys' Fees and awards Class Counsel $91,666.66, which is approximately one-third of the Settlement Amount, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market.

16.     The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $3,741.50, which are expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting the Litigation. The attorneys' fees and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund.

17.     The Court approves and finds reasonable the Service Award for Named Plaintiff, Mario Carrasco, in the amount of $10,000, in recognition of the services he rendered on behalf of

the Class. This amount shall be paid from the Settlement Fund, subject to the terms of the Agreement.

19. 18. The Court approves and finds reasonable the payment of the Administrative Costs in the amount of $3,000, which shall be paid out of the Settlement Fund, according to the terms of the Agreement.

19. The Parties entered into the Agreement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any violation of law or any liability whatsoever to Plaintiff and the Class Members, individually or collectively, all such liability being expressly denied by Defendants.

20. Upon the fulfillment of all terms of the Agreement, the entire Litigation will be dismissed with prejudice, and without costs, expenses or attorneys' fees to any party except as provided in the Settlement Agreement and this Order. All Class Members who did not timely opt out (other than Ms. Pious) are permanently enjoined from asserting, pursuing and/or seeking to reopen claims that have been released pursuant to the Agreement.

21. The Court retains jurisdiction over this action for the purpose of enforcing the Agreement and overseeing the distribution of the Settlement Fund. The Parties shall abide by all terms of the Agreement, which are incorporated herein, and this Order.

It is so ORDERED this 17thday of July 2020.

_____
The Honorable Cathy Seibel
United States District Judge